OPINION AND ORDER
This matter comes on appeal by the Fort Peck Tribes/Appellant. Representing Fort Peck Tribes, Office of the Prosecutor, is James Big Horn, Tribal Prosecutor. Representing Forrest Smith, Defendant/Appellee is Mary L. Zemyan, attorney.[1] Both Briefs submitted were well researched and argued.

HISTORY

The background history of this case is fairly well defined and agreed upon by the parties. Criminal charges of various drug-related offenses were filed against Defendant Smith by the State of Montana in March, 2010. Part of the process was a search warrant application granted on March 23, 2010 issued both through the State Justice Court and Fort Peck Tribal Court. Thereafter, on October 13, 2010, the State Court proceedings were dismissed against Smith after he presented a newly issued tribal enrollment card. Subsequently, criminal charges were filed against Smith in the Fort Peck Tribal Court for various drug-related offenses stemming from the same conduct. The charges filed in the Fort Peck Tribal Court were drug-related, but not the same charges that had been charged in State Court.
Defendant Smith filed a Motion to Dismiss the Fort Peck Tribal Court charges on August 3, 2011, arguing that the statute of limitations had expired prior to the filing. The Court granted the Motion to Dismiss on October 21, 2011.
This appeal followed.

ISSUES

Although there were a number of interesting and collateral issues in the case, the main issue can be framed as follows:
Were the misdemeanor charges filed against Defendant Smith in Fort Peck Tribal Court timely filed? The trial court ruled, and we affirm, that the charges were not timely filed.
*316 The question was whether the statute of limitations was tolled pursuant to CCOJ Title VI, Chapter 1, Section 102(d). “The period of limitations does not run ... when (i.e. during) a prosecution in another jurisdiction against the offender for the same conduct ...”
Here, the criminal conducts charged by the Prosecutor were for related, but not the same offenses. The Prosecutor had one (1) year from March, 2010, to file these misdemeanor charges. Title VI, Section 102(a). The exception provided in Title VI, Section 102(d) does not apply here, due to the nature of the criminal charges filed in Fort Peck Tribal Court.
IT IS THE OPINION AND ORDER OF THIS COURT:
That the trial court’s Order of Dismissal of October 21, 2011 be, and the same is hereby affirmed.

. We do not appreciate or condone the labeling of Appellant Big Horn's Brief as incoher-⅛ ent. Counsel will refrain from such characterization in further submittals to this court, unless the basis for same is clearly stated and justified.